UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEVEN D. McABOY, for himself and as Personal Representative of the Estate of JEAN McABOY, a single person,

Plaintiff,

v.

IMO INDUSTRIES, *et al.*,

Defendants.

Case No. C05-1241L

ORDER DENYING PLAINTIFF'S MOTION FOR REMAND AND ATTORNEYS FEES

## I. Introduction

This matter comes before the Court on "Plaintiff's Motion for Remand and Attorney Fees" (Dkt. # 9). Defendant removed this suit to federal court pursuant to the federal officer removal statute. 28 U.S.C. § 1442(a)(1). In its motion to remand and for attorneys fees, McAboy relies on two arguments. First, McAboy contends that Elliott failed to comply with the procedural statutory requirements for removal. 28 U.S.C. § 1446(b). Second, McAboy argues that Elliott failed to satisfy the substantive requirements for a removable action. 28 U.S.C. § 1442(a)(1). These arguments are addressed in turn.

## II. Discussion

Service of Process, or 28 U.S.C. § 1446(b)

On June 8, 2005, Plaintiff Steven McAboy sued Defendant Elliott Company ("Elliott") in

ORDER DENYING PLAINTIFF'S MOTION
FOR REMAND AND ATTORNEYS FEES

King County Superior Court for Personal Injury and Wrongful Death. <u>Steven D. McAboy, for himself and as Personal Representative of the Estate of Jean McAboy, a single person v. IMO Industries, Inc., et al.</u>, No. 05-2-18854-5SEA. On June 9, 2005, Elliott's statutory process agent, CT Corporation System, received service of process. Decl. of Melissa K. Habeck, Ex. 2. On June 14, 2005, the Legal Department of the Elliott Company received the service of process papers from the CT Corporation. <u>See id</u>. (timestamp). On July 14, 2005, Elliott filed the notice of removal, bringing the action before this Court. Dkt. # 1. Two weeks after its notice of removal, on July 28, 2005, Elliott moved to consolidate its case with another action pending before the federal court, <u>McAboy v. Viad</u>, No. CV05-1250. On August 15, 2005, McAboy filed the instant motion to remand and for attorneys fees. Dkt. # 9.[1]

    McAboy argues that for the purpose of § 1446(b), the thirty-day time limit for the notice of removal must begin from the date of the receipt by the registered process agent, not the actual receipt by the legal department of the defendant. Motion at 3. Elliott's registered agent for service of process in Washington is the CT Corporation. Decl. of William Rutzick, Ex. F. (print out from Washington Secretary of State, Corporations Division Registration Data Search). CT Corporation received service of process on Thursday, June 9, 2005. Decl. of Melissa K. Habeck, Ex. 2. Elliot filed its notice of removal on Thursday, July 14, 2005. Dkt. # 1. Because notice was filed thirty-five days after Elliott's agent received service of process, McAboy argues, Elliott failed to comply with the statutory requirements of § 1446(b), and therefore removal was improper.

    Elliott addresses the issue of timeliness briefly and asserts that its "alleged" procedural gaffe is "irrelevant." Opposition at 11, lines 1–9. Its legal argument seems to be that Elliott's

---

[1] Pursuant to statute, the motion to remand must be filed within thirty days of the notice of removal. 28 U.S.C. § 1447(c). That McAboy filed his motion on time is not in dispute, as the thirtieth day fell on Saturday, August 13, and therefore was not included for the purpose of computation. Fed. R. Civ. P. 6.

ORDER DENYING PLAINTIFF'S MOTION
FOR REMAND AND ATTORNEYS FEES

proposed consolidation with <u>McAboy v. Viad</u> can bootstrap federal jurisdiction and eviscerate procedural errors. Its explicit equitable argument offered by Elliott is that "it makes judicial and economic sense to keep this action in federal court along with its companion case." <u>Id</u>. Elliott offers no support for its assertion that equitable arguments can overcome a statutory bar.

      The plain language of § 1446(b) indicates that the thirty-day period for removal must begin "after receipt by the defendant, through service or otherwise." 28 U.S.C. § 1446(b).[2] Elliott authorized CT Corporation to be its agent for the purpose of service of process, and as such, its agent's knowledge is generally considered coextensive with its own, and its legal obligations flow accordingly. <u>See, e.g.</u>, <u>Taphouse v. Home Ins. Co., Inc.</u> 885 F.Supp. 158 (E.D. Mich. 1995) ("Generally, a corporation is considered to be in receipt of a complaint when the complaint has been received 'by an agent authorized to accept service of process.'" ) (quoting <u>Tech Hills II Assocs. v. Phoenix Home Life Mut. Ins. Co.</u>, 5 F.3d 963, 968 (6th Cir. 1993)). In <u>Taphouse</u>, the Court exempts defendant from strict compliance with the removal statute, because of a communication failure between it and its statutory agent for service of process. <u>Taphouse</u>, 5 F.3d at 160. <u>Taphouse</u> distinguishes situations where the foreign corporation actually designates a service agent, declaring that in those situations "the corporation can be held accountable for that agent's actions and knowledge as if they were its own." <u>Id</u>. (citing RESTATEMENT (SECOND) OF AGENCY §§ 272, 275 (1957)).

---

[2] Although it is correct that "[a] majority of courts hold that this 30-day period begins when a defendant actually receives a copy of the Complaint, rather than when a defendant is properly served," <u>City & County of San Francisco v. Manning</u>, 2000 WL 1346732 at *3 (N.D. Cal. Sep 7, 2000), this quotation refers to the question raised when a plaintiff failed to properly serve a defendant, but can prove that the defendant nonetheless is in receipt of the complaint prior to the eventual proper service. <u>Id</u>. Thus, this issue arises when plaintiff attempts to show that the thirty-day period for removal began *before* service. The conclusion to be derived from those cases is that service of process to a registered agent is not *necessary* to start the clock, not that it is not *sufficient*. This misguided criticism of plaintiff's position is addressed only out of an abundance of caution, and not because it is an argument that defendant raised. Indeed, as stated above, defendant failed to raise any meaningful arguments as to this issue.

ORDER DENYING PLAINTIFF'S MOTION
FOR REMAND AND ATTORNEYS FEES

1   Although service to a designated agent may implicate the principal's knowledge more
2 strongly than service to a statutory agent would, the same treatise relied on in Taphouse
3 contemplates a reasonable delay between agent knowledge and principal knowledge:

> The principal is affected by the knowledge which the agent has when acting for him or, if it is the duty of the agent to communicate the information and not otherwise to act, the principal is affected after the lapse of such time as is reasonable for its communication.

RESTATEMENT (SECOND) OF AGENCY §§ 278 (1957).  In this case, the agent, CT Corporation, received service of process on a Thursday, and it was conveyed to the principal, Elliott, on the following Tuesday.  Given the locations of the registered agent—Washington—and the headquarters of the company—Pennsylvania—as well as the significant administrative strains of a large company attempting to make itself available for service nationwide, three business days is a reasonable time.

Contrary to the language in Barr v. Zurich Insurance Co., 985 F. Supp. 701 (S.D. Tex 1997), the procedural defect present here is not one that strips this court of jurisdiction.  See id. at 702 (citing Clinton v. Hueston, 308 F.2d 908, 910 (5th Cir.1962) ("If any presumption exists it is that a case is outside federal jurisdiction.")).  Thus, for example, McAboy could waive his objection to procedural defect in Elliott's attempted removal, whereas no party can waive objections to jurisdiction.  See Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co., 46 F.3d 1190, 1192 (9th Cir. 2003).  McAboy did not waive his objection to the procedural defect, however, and this Court is therefore bound to assess Elliott's compliance with the removal statute.  See Spielman v. Standard Ins. Co., 932 F.Supp. 246 (N.D. Cal. 1996) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941)).

Notwithstanding Elliott's meager opposition to this potentially dispositive issue, the Court concludes that Elliott's removal process was in strict compliance with § 1446(b).  Elliott learned of its service from its service agent within a reasonable period of time after the actual service, at which point the thirty-day clock for removal began.  Cf. Barr 985 F.Supp. at 702 (service was misplaced and the removal notice filed twenty-eight days late).  It then filed its

ORDER DENYING PLAINTIFF'S MOTION
FOR REMAND AND ATTORNEYS FEES

1  removal notice on the thirtieth day of that period.

2  Federal Officer Defense, or 28 U.S.C. 1442(a)(1)

3  Elliott asserts a federal officer defense to McAboy's suit for personal injury and wrongful
4  death. See Notice of Removal at 3–8; see also 28 U.S.C. § 1442(a)(1). Elliott claims that the
5  asbestos alleged by plaintiff to have caused the death of Jean McAboy was included in the
6  design of Elliott's dearator feedwater and tanks ("dearators") according to exact specifications
7  provided by the United States Navy. Notice of Removal at 3 ¶ 8. Consequently, Elliott is
8  entitled to immunity as a federal contractor under Boyle v. United Technologies Corp., 487 U.S.
9  500 (1988).

10  McAboy acknowledges that in substantially similar cases, the federal officer defense has
11  provided a legitimate basis for removal. McAboy notes that in those cases, which are relied on
12  by Elliott, defendants had been able to raise the inference that all aspects of the specifications
13  were completely within the control of the Navy, including "that the Navy prohibited warning
14  about asbestos because . . . the Navy exercised *complete* control over *all* warnings placed on
15  equipment or in accompanying technical manuals by its contractors." Reply at 3 (quoting
16  Nesbeit v. Gen. Elec. Co., No. 04-9321, 2005 WL 697966 (S.D.N.Y. March 28, 2005)). In
17  contrast, in the instant case, McAboy succeeded in getting Elliott's expert to concede that the
18  Navy might not have explicitly prohibited warnings about asbestos.

19  The parties agree that the starting point for the legal analysis is Mesa v. California. 489
20  U.S. 121 (1989). In Mesa, petitioners Mesa and Ebrahim appealed the Ninth Circuit's writ of
21  mandamus ordering the district court to remand their case to state court after the two had filed a
22  notice of removal based on the federal officer defense. Id. at 123–24. Petitioners argued that
23  the plain language of the statute dictated that so long as they were acting under color of office,
24  removal was proper. Id. at 125. The Supreme Court rejected this argument and affirmed the
25  decision, and in so doing re-affirmed "decisions extending back nearly a century and a quarter
26  [that also] require the averment of a federal defense." Id. at 133–34. The Court also clarified

ORDER DENYING PLAINTIFF'S MOTION
FOR REMAND AND ATTORNEYS FEES

that what the petitioners had argued to be an alternative grounds for removal—a causal connection between the actions under the color of office and the harm alleged—was in fact a third requirement to satisfy removal. Id. at 133 (citing Maryland v. Soper, 270 US 9 (1926)). Thus, a party seeking removal must show (1) that he was acting pursuant to the direction of a federal officer, (2) that he has a colorable federal defense, and (3) that there was a causal connection between the action as directed by the federal officer and the harm alleged.

The parties also agree that the test for the second prong of the removal test, for a colorable federal defense, was set out in Boyle, 487 U.S. 500.[3]  In Boyle, the Supreme Court held in favor of a military contractor, stating that:

> Liability for design defects in military equipment cannot be imposed, pursuant to state law, when (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States.

Id. at 512 (citing McKay v. Rockwell Int'l Corp., 704 F. 2d 444, 449 (9th Cir. 1983)).  In so doing, the Court rejected the petitioner's proposed version of the rule, which had been endorsed by the Eleventh Circuit, and which limited the federal contractor defense to cases in which the contractor played only a minor role in the design of the product. Id.

In cases similar to this, Courts have concluded that the crux of the issue is whether the government provided any instruction or specification as to any warnings or labels that the federal contractor could put on its product. See Butler v. Ingalls Shipbuilding, Inc., 89 F.3d 582 (9th Cir. 1996).  The Court in Butler explained that the government contractor's "defense is inapplicable to a failure to warn claim in the absence of evidence that in making its decision whether to provide a warning[, defendant] was acting in compliance with 'reasonably precise specifications' imposed on [it] by the United States." Id. at 586 (quoting Boyle, 487 U.S. at 512) (other quotation marks and citations omitted).  The parties here focus on this distinction.

---

[3] McAboy concedes that Elliott satisfies the first prong of this test. Motion at 5.

ORDER DENYING PLAINTIFF'S MOTION
FOR REMAND AND ATTORNEYS FEES

1  Elliott argues that because "[t]he Navy determined the nature of hazards to be subject to any
2  precautionary labeling and the content of any such labeling" that Elliott therefore will have a
3  federal defense to McAboy's claims. Opposition at 5. McAboy contends that because Elliott's
4  expert "agreed that the government military standard did not prohibit warnings relating to
5  asbestos and that a manufacturer providing warnings relating to asbestos with its product was
6  not inconsistent with his experience," that Elliott cannot claim a federal defense under <u>Boyle</u>
7  and <u>Butler</u>. Reply at 3.

8       McAboy asserts too high a standard for removal pursuant to the federal contractor
9  defense. As is clear from the rule that the Court rejected in <u>Boyle</u>, the federal contractor defense
10 was not intended to be granted only when the government exercised absolute control over every
11 aspect of a product's design. <u>Boyle</u>, 487 U.S. at 512. Moreover, removal pursuant to that
12 defense must be construed even more broadly. <u>See</u> <u>Willingham v. Morgan</u>, 395 U.S. 402, 406
13 (1969) (removal under § 1442(a) "is broad enough to cover all cases where federal officers can
14 raise a colorable defense arising out of their duty to enforce federal law"). Importantly, this
15 order is deciding not whether Elliott actually satisfies the requirements for the federal contractor
16 defense, but rather only whether defendant can make a colorable claim that it will. Elliott has
17 done so: it has raised an inference that the government controlled the design and warning labels,
18 that it conformed to the government specifications, and that the government had superior
19 knowledge about the potential health hazards.

20      Finally, as to the third prong of the federal officer removal test, the Court concludes that
21 there exists a causal connection between Elliott's acts under the direction of a federal officer and
22 the harm alleged by plaintiff. By the same reasoning that Elliott has shown that it can make a
23 colorable claim that the Navy required it to create the dearators with asbestos and without the
24 relevant health warnings, Elliott also has shown that there is a causal connection that satisfies
25 the federal officer removal statute.

26

ORDER DENYING PLAINTIFF'S MOTION
FOR REMAND AND ATTORNEYS FEES

### III. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's motion to remand and for attorneys fees is DENIED.

DATED this 27th day of October, 2005.

/s/ Robert S. Lasnik
Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION
FOR REMAND AND ATTORNEYS FEES